**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 04-0033-WS** |
| | ) | |
| **LARRY DARNELL JACKSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on defendant's Motion to Reopen Petitioner's Sentence and Modification of Same (doc. 118).

On December 3, 2004, petitioner Larry Darnell Jackson entered into a written Plea Agreement (doc. 78) with the Government in which he pleaded guilty to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute crack cocaine). As one of the terms of his Plea Agreement, Jackson agreed to provide full, complete and truthful cooperation to the Government. In return, the Government agreed to consider the possibility of moving for downward departure pursuant to U.S.S.G. § 5K1.1, or of moving for reduction of sentence for substantial assistance, pursuant to Rule 35(b), Fed.R.Crim.P.

Prior to the sentencing hearing in this matter, the Government filed a Motion for Downward Departure (doc. 96) pursuant to U.S.S.G. § 5K1.1 on the ground that defendant's "cooperation and statements substantially assisted the United States." (Doc. 96, ¶ 1.) On that basis, the United States recommended a downward departure from the minimum mandatory sentence of life that Jackson was otherwise facing, and instead recommended a sentence in the range of 151 months to 188 months. (*Id.*, ¶ 2.) At the sentencing hearing held on March 4, 2005, the undersigned granted the Government's § 5K1.1 Motion and sentenced Jackson to a term of imprisonment of 186 months. At this hearing, the Government detailed for the Court the nature and scope of this cooperation, which included two full debriefings by Jackson about his participation in the drug conspiracy and individuals involved in same, as well as the participation of Jackson's brother (who was not in custody) performing investigation and undercover work for

law enforcement agents.  (Sentencing Transcript (doc. 117), at 6-7.)  The Government explained that the cooperation in these undercover operations was ongoing, and that the Government would file a Rule 35 motion at a later date if appropriate.  (*Id.* at 7-8.)  The court file reflects that the Government has never filed a Rule 35 motion on Jackson's behalf.

Jackson now comes forward with a Motion to Reopen and Modify Sentence, in which he argues as follows: (a) since the time of Jackson's sentencing, his brother has provided substantial assistance to law enforcement officers in various narcotics investigations; (b) the Government has failed to file a Rule 35 motion for reduction of Jackson's sentence for substantial assistance; (c) Jackson has never received "credit" for the substantial assistance provided by his brother; (d) the Government has breached the terms of the party's "plea agreement of understanding" by failing to file a Rule 35 motion on Jackson's behalf; and (e) the Government acted in unspecified "bad faith" by not filing such a motion.

To the extent that Jackson is accusing the Government of breaching the promises it made to him in the Plea Agreement, his Motion is frivolous.  Far from promising to file a Rule 35 motion, the Government expressly refused to make such a promise, and Jackson expressly acknowledged in writing his understanding that no such promise was being made.  The written Plea Agreement dated December 3, 2004 includes the following language in bold, underlined text: "**Jackson acknowledges and fully understands that this plea agreement does not contain a promise by the United States to move for a § 5K1.1 downward departure or to file a Rule 35 motion.**"  (Plea Agreement (doc. 78), ¶ 20.h.)  This Plea Agreement also contained an integration clause, reflecting that it represented "the complete statement of agreement between Jackson and the United States and may not be altered unless done so in writing and signed by all the parties."  (Plea Agreement, ¶ 27.)[1]  Jackson does not allege that any such written amendment or alteration to the Plea Agreement was ever executed by the parties.  In light of these facts, Jackson's insistence that the Government breached the terms of the Plea Agreement, and his demands for specific performance of same via an order compelling the

---

[1]      Jackson signed the Plea Agreement, specifically representing that he had read the Plea Agreement in its entirety, that he had carefully reviewed every part of it with his lawyer, that he understood the Plea Agreement, and that he voluntarily agreed to it.  (Plea Agreement, at 12-13.)

Government to file a Rule 35 motion on his behalf, are wholly lacking in merit.  The Plea Agreement plainly reflects that no promises or guarantees of a Rule 35 motion were made to Jackson as an inducement for him to plead guilty to Count 1 of the Indictment.

Likewise, Jackson's conclusory, unsupported allegation of bad faith by the Government is unavailing.  The law of the Eleventh Circuit is exceedingly clear that the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted."  *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir. 1993) (citation omitted).  Courts limit their "review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive."  *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000).  As the *Forney* court explained, judicial review of the Government's failure to move for a downward departure or reduction of sentence based on substantial assistance is generally appropriate only "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion."  *Id.* at 1502.  A mere generalized allegation of "bad faith" entitles a defendant neither to an evidentiary hearing nor to an opportunity for further exploration of his claim.  *See Wade v. United States*, 504 U.S. 181, 186, 112 S.Ct. 1840 (1992) (without a substantial threshold showing of impermissible motive such as race or religion, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive.").

In short, the Plea Agreement conclusively contradicts Jackson's assertion that the Government has broken its promise to him by not filing a Rule 35 motion on his behalf.  Likewise, his afterthought inclusion of the words "bad faith" in his Motion do not entitle him to an evidentiary hearing or to pursue this issue further in the absence of a substantial threshold showing that the Government's refusal to file a Rule 35(b) motion on his behalf was based on a constitutionally impermissible motive.  No such showing has been made.  For these reasons, the Motion to Reopen Petitioner's Sentence and Modification of Same (doc. 118) is **denied**.

DONE and ORDERED this 14th day of August, 2006.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-3-