IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-0033-WS |
| | ) | |
| LARRY DARNELL JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on defendant's *pro se* Motion to Correct Inadvertent Sentencing Error (doc. 122).

On December 3, 2004, petitioner Larry Darnell Jackson entered into a written Plea Agreement (doc. 78) pursuant to which he pleaded guilty to Count 1 of the Indictment, charging conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. One term of his Plea Agreement was that Jackson agreed to provide cooperation to the Government, in exchange for the Government agreeing to consider moving for downward departure pursuant to U.S.S.G. § 5K1.1, or moving for reduction of sentence for substantial assistance, pursuant to Rule 35(b), Fed.R.Crim.P. Prior to Jackson's sentencing hearing, the Government filed a Motion for Downward Departure (doc. 96) pursuant to U.S.S.G. § 5K1.1 on the basis of Jackson's substantial assistance. The Government's Motion recommended a downward departure from the mandatory life sentence that Jackson was otherwise facing, and instead recommended a sentence in the range of 151 months to 188 months. At the sentencing hearing held on March 4, 2005, the undersigned granted the Government's § 5K1.1 Motion and sentenced Jackson to a term of imprisonment of 186 months. Jackson has filed neither a direct appeal nor a motion to vacate, set aside or correct sentence by a person in federal custody.[1]

On July 16, 2007, nearly 28 months after his conviction and sentence became final,

---

[1] Jackson did, however, file a Motion to Reopen Petitioner's Sentence and Modification of Same (doc. 118) on August 10, 2006. That Motion was denied on the grounds that Jackson could not compel the Government to file a Rule 35 motion on his behalf, that the Government's failure to do so was in no way a breach of its obligations under the Plea Agreement, and that there was no evidence of bad faith.

Jackson filed the instant Motion to Correct Inadvertent Sentencing Error.  In his Motion, which does not identify the statutory basis for the request, Jackson maintains that his sentence was improperly calculated using a sentencing guidelines range of 151 to 188 months.  Central to Jackson's Motion is the fact that during his sentencing hearing, the Court awarded him an additional one-point reduction for acceptance of responsibility, reducing his adjusted offense level of 31 which, when coupled with his criminal history category of III, yields a guidelines range of 135 to 168 months.  Jackson therefore contends that his sentence should be reduced to 168 months (or lower) to reflect the correct and accurate guidelines range.

The Court lacks jurisdiction to consider Jackson's request.  District courts do not possess "some sort of inherent authority to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002).  To the contrary, it is well established that a sentencing court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Bowens,* 2005 WL 3311989, *1 (11th Cir. Dec. 8, 2005) (citing general rule that court may not modify term of imprisonment once it has been imposed); *Quesada Mosquera v. United States*, 243 F.3d 685, 686 (2nd Cir. 2001) (similar); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); *United States v. Lenderman*, 2004 WL 335024, *1 (4th Cir. Feb. 23, 2004) ("the court may not modify a term of imprisonment once it has been imposed except in very narrow circumstances"). By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c); *see also United States v. McGranahan*, 2006 WL 460929, *2 (11th Cir. Feb. 27, 2006) (reciting circumstances under which § 3582(c) relief is available).  Here, there is no motion from the Bureau of Prisons, no jurisdiction under Rule 35 or any statute other than § 3582(c), and no subsequent lowering of the applicable guidelines range.  Therefore, § 3582(c) does not authorize the Court to revisit Jackson's sentence in these circumstances.  *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (observing that § 3582(c) "does not grant to the court jurisdiction to consider extraneous resentencing issues").

The proper vehicle for Jackson's request, if any, would be a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  But any petition under § 2255 had to be filed within one year after the date on which Jackson's conviction became final.  *See* 28 U.S.C. § 2255; *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) ("AEDPA provides that, barring other circumstances not relevant here, the one-year limitation period to file a motion to vacate runs from the date on which the judgment of conviction becomes final.").  "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."  *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); *see also Ramirez v. United States*, 2005 WL 1706142, *1 (11th Cir. July 22, 2005) (AEDPA deadline for federal prisoner who failed to file direct appeal began to run when the time for filing a direct appeal expired, or 10 days after written judgment of conviction was entered on the criminal docket).  In this case, Jackson was sentenced on March 4, 2005, the written judgment of conviction was entered on the docket sheet on March 14, 2005, and his ten-day period for filing a notice of appeal expired on or about March 28, 2005, which would also mark the commencement of his 1-year AEDPA deadline.  Jackson did not file this motion until July 16, 2007, more than 15 months after the expiration of that deadline for filing a § 2255 motion.  He has identified no basis for equitable tolling, and none is apparent on review of the docket sheet.  Thus, even if the Court were to construe this filing as a § 2255 motion, Jackson would still not be entitled to relief.[2]

---

[2] To be clear, the undersigned recognizes that Jackson did not nominally file his Motion as one under § 2255.  Pursuant to *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), a district court cannot unilaterally recharacterize a *pro se* litigant's motion (not nominally filed as a § 2255 motion) as his first § 2255 petition without notifying the litigant of its intent to engage in such recharacterization, warning the litigant that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and providing the litigant with an opportunity to withdraw or amend it to plead all of his § 2255 claims.  *Id.* at 383; *see also Outler v. United States*, 485 F.3d 1273, 1279 (11th Cir. 2007) (construing and applying *Castro* notice provisions).  The Court is not recharacterizing Jackson's Motion as one filed under § 2255, and therefore need not comply with the *Castro* procedural safeguards; rather, the undersigned is simply pointing out that even if the Motion were considered under § 2255, Jackson would remain ineligible for the relief sought.

In light of the foregoing, the Court finds that it has no jurisdiction to correct the alleged sentencing error identified in Jackson's Motion.  Even if such jurisdiction existed, however, the Motion would be properly denied on the merits.  Simply put, there was no "inadvertent sentencing error."  Because of Jackson's two prior felony drug convictions, the minimum term of imprisonment for his conviction in this case was "a mandatory term of life imprisonment" pursuant to the enhanced penalties of 21 U.S.C. § 841(b)(1)(A).  Prior to sentencing, the Government filed a § 5K1.1 motion (doc. 96) on the basis of substantial assistance, and recommended that a sentence be imposed within the otherwise applicable guidelines range of 151 to 188 months.  That range was calculated using an adjusted offense level of 32 and a criminal history of III.  At sentencing, however, the Court awarded Jackson an additional one-point reduction for acceptance of responsibility, yielding an adjusted offense level of 31.  Although this offense level would lower the otherwise applicable guidelines range, the Government held fast to its prior recommendation that the sentence be imposed in the range of 151 to 188 months, reasoning as follows:

> "Although the Court's calculation, the correct calculation of the offense level of 31 would change the guideline range that would otherwise be applicable in this case, the United States' written motion referring to an otherwise applicable range of a hundred and fifty-one to a hundred and eighty-eight months is still the Government's recommendation because the cooperation and the acceptance of responsibility were all taken into account in the Government's recommendation for the 5K1 reduction."

(Sentencing Transcript, at 8-9.)  The Court adopted that recommendation and sentenced Jackson to a term of imprisonment of 186 months.

Thus, the Government's recommendation on its § 5K1.1 motion (which provided the sole basis for the Court's departure from the otherwise mandatory life sentence confronting Jackson) remained that Jackson be sentenced in the range of 151-188 months, notwithstanding the one-point reduction in his adjusted offense level.  This recommendation was proper, as nothing would require the Government in making § 5K1 recommendations to adhere to a particular guidelines range.  In adopting that recommendation, the Court was fully apprised that the sentence imposed did not coincide with the guideline range computed using an adjusted offense level of 31.  Far from there being an "inadvertent error," then, the sentencing of Jackson in the 151-188 month range was a deliberate, intentional choice by the Court, predicated on a specific

recommendation from the Government under § 5K1.  Accordingly, even if Jackson's Motion could be considered on its merits (which it cannot for the reasons set forth *supra*), he would not be entitled to relief.

For all of the foregoing reasons, defendant's Motion to Correct Inadvertent Sentencing Error (doc. 122) is **denied**.[3]

DONE and ORDERED this 20th day of July, 2007.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE

---

[3] In the closing paragraph of his Motion, Jackson requests that the undersigned consider transferring him to a facility closer to his home so that he would be able to visit with his family.  A federal prisoner's place of confinement is designated by the Bureau of Prisons, not by the sentencing court.  *See* 18 U.S.C. § 3621(b).  "The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."  *Levine v. Apker*, 455 F.3d 71, 83 (2nd Cir. 2006); *see also Mares v. Federal Bureau of Prisons*, 401 F. Supp.2d 775, 778 (S.D. Tex. 2005) ("A district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence.").  Accordingly, this request should be directed to the Bureau of Prisons, not to this Court.